IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILFREDO TORRES, | ) | FILED: JULY 7, 2008 |
| | ) | 08CV3842 |
| Plaintiff, | ) No. | JUDGE PALLMEYER |
| | ) | MAGISTRATE JUDGE DENLOW |
| v. | ) | JH |
| | ) | |
| EXELON CORPORATION, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

NOW COMES Plaintiff, Wilfredo Torres ("Torres"), by and through his attorneys, Barry A. Gomberg & Associates, Ltd., and as and for his Complaint against the Defendant as follows:

### PARTIES

1.  Torres was formerly employed by Defendant in Chicago and currently resides in Keene, Texas.

2.  Defendant fashions itself as one of the nation's largest electric utilities with more than $15 billion in annual revenue with its corporate headquarters located at 10 S. Dearborn St., Chicago, IL 60680.

3.  At the time of his termination, Torres worked at Commonwealth Edison, one of the utility companies owned by Defendant.

### JURISDICTION AND VENUE

4.  The claims against Defendant are for discrimination based on national origin pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e et seq., and for discrimination based on disability pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12010 et seq., and the Civil Rights Act of 1991.

5. Jurisdiction is conveyed upon this Court by virtue of 28 U.S.C. § 1343 as these claims arise under the laws of the United States of America.

6. Venue is appropriate in the Northern District of Illinois, Eastern Division by virtue of 28 U.S.C. § 1391 as Defendant's business and the events or omissions giving rise to these claims are located in the Northern District of Illinois, Eastern Division.

## COUNT I – TITLE VII – NATIONAL ORIGIN

7. Torres re-alleges and incorporates as if fully set forth herein paragraphs 1 through 6 above.

8. Torres has filed this cause subsequent to the timely filing of a Charge of Discrimination based on National Origin (Puerto Rico) with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission, a true and correct copy of which is attached hereto as Exhibit A and incorporated herein by reference.

9. Torres has filed this cause pursuant to a Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirements, a true and correct copy of which is attached hereto as Exhibit B.

10. Torres, at all times pertinent hereto, was a person protected by the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

11. Defendant, at all times pertinent hereto, operated and did business within the venue and jurisdiction of this judicial circuit.

12. In direct violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., Defendant, by its agents and employees, engaged in the national origin discrimination acts described in the attached Charge of Discrimination, attached hereto as Exhibit A, incorporated herein, and made a part thereof by reference.

13. As a result of Defendant's discriminatory conduct, as aforesaid, Torres has suffered injury to his career as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981a.

14. Defendant's discriminatory conduct was willful and done with reckless disregard for Torres' rights under the law.

WHERFORE, Plaintiff Wilfredo Torres prays for judgment against Defendant as follows:

A. For an award of compensatory damages for Plaintiff's injury to his career, back pay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

B. For reinstatement, instanter, if the Court deems front pay inappropriate, with all pay, benefits and privileges Plaintiff had before his employment was terminated;

C. For attorney's fees and costs of this suit, including expert witness fees;

E. For an award of punitive damages;

  D. For pre-judgment interest in an amount to be determined at the time of trial;

  E. For such other relief as is just and equitable.

## **COUNT II – AMERICANS WITH DISABILITIES ACT**

15. Torres re-alleges and incorporates as if fully set forth herein paragraphs 1 through 14 above.

16. In direct violation of the Americans with Disabilities Act of 1967 ("ADA"), 42 U.S.C. § 12101 et seq., Defendant, by its agents and employees engaged in the discriminatory acts described in the Charge of Discrimination, attached hereto as Exhibit A and fully incorporated herein by reference.

17. Defendant's discriminatory conduct was intentional and committed with malice and in reckless disregard Torres' rights under the law.

18. As a result of Defendant's discriminatory conduct as aforesaid, Torres has suffered injury to his career, as well as emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life, and other non-pecuniary losses for which he is entitled to compensatory damages pursuant to 42 U.S.C. § 1981 a.

WHERFORE, Torre prays for judgment against Defendant as follows:

  A. For an award of compensatory damages for his injury to his career, backpay, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary damages and fringe benefits;

  B. For an award of punitive damages;

  C. For lost wages;

      D.      For reinstatement to his previous position, or in the alternative, for front pay;

      D.      For an award of attorney's fees and costs of this lawsuit; and

      E.      For such other and further relief as is just and equitable.

Respectfully submitted,

WILFREDO TORRES

By: s/ Brian S. Schwartz

Barry A. Gomberg
Brian S. Schwartz
Barry A. Gomberg & Associates, Ltd.
53 W. Jackson Blvd., Suite 1350
Chicago, Illinois 60604
(312) 922-0550 Tel.

Dated: July 7, 2008

```
08CV3842
JUDGE PALLMEYER
MAGISTRATE JUDGE DENLOW
JH
```

# EXHIBIT A

U.S. GPO 1985 0 482 051

**CHARGE OF DISCRIMINATION**
This form is affected by the Privacy Act of 1974; see Privacy ct Statement on reverse before completing this form

ENTER CHARGE NUMBER
☒ IDHR
☒ EEOC  2006CF2024

**ILLINOIS DEPARTMENT OF HUMAN RIGHTS and EEOC**
(State or local Agency, if any)

| NAME (Indicated Mr., Ms., or Mrs.) Mr. Wilfredo Torres | HOME TELEPHONE NO. (Include Area Code) 773-463-1086 |
|---|---|

| STREET ADDRESS 3837 N. Bernard | CITY, STATE AND ZIP CODE Chicago, Illinois 60618 | COUNTY Cook County |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME Exelon Corporation | NO. OF EMPLOYEES/MEMBERS 15+ or more | TELEPHONE NUMBER (Include Area Code) 312-394-5400 |
|---|---|---|

| STREET ADDRESS P.O. Box 805398 | CITY, STATE AND ZIP CODE Chicago, Illinois 60680-5398 |
|---|---|

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))
☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☒ NATIONAL ORIGIN
☐ AGE    ☐ RETALIATION   ☒ OTHER (Specify) Disability

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE (Month, day, year) September 23, 2005

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

I. In April 1984, Complainant began employment with Respondent as an Electrical Mechanic at 3500 N. California Ave., located in Chicago, Illinois.

II. From on or about September 23, 2004 until September 23, 2005, Complainant was on disability leave because of his severe depression. Complainant suffered from severe depression because of on-the-job stress.

III. Respondent was aware of Complainant's disability.

IV. Complainant is Puerto-Rican.

V. Respondent terminated Complainant's employment on September 23, 2005 for allegedly falsifying his disability to Independent Medical Evaluations and Occupational Health Services.

VI. Complainant was meeting the legitimate expectations of Respondent.

VII. Respondent's reasons for terminating Complainant were pretextual.

VIII. Respondent treated similarly situated non-Puerto Rican employees and non-disabled employees more favorably than Respondent treated Complainant.

IX. Complainant has been subjected to discrimination based on his disability and national-origin by the Respondent.

X. As a result of the aforementioned, Respondent has caused Complainant to suffer extreme emotional distress.

DEPT. OF HUMAN RIGHTS
INTAKE UNIT
DEC 0 - 2005
RECEIVED BY

☒ I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

I declare under penalty of perjury that the foregoing is true and correct.

Notary Stamp — DELICIA DEAN, MY COMMISSION EXPIRES AUGUST 18, 2009

SIGNATURE OF COMPLAINANT
X Wilfredo Torres

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
12-1-05

```
08CV3842
JUDGE PALLMEYER
MAGISTRATE JUDGE DENLOW
JH
```

# EXHIBIT B

EEOC Form 161 (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Mr. Barry A. Gomberg, Esq.<br>Barry A. Gomber & Associates, Ltd.<br>Attorneys at Law<br>53 West Jackson Blvd., Suite 1350<br>Chicago, IL 60604 | From: | Equal Employment Opportunity Commission<br>Chicago District Office<br>500 West Madison Street<br>Suite 2800<br>Chicago, Illinois 60661-2511 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2006-01028 | Nola Smith, State & Local Coordinator | (312) 886-5973 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*
John P. Rowe, District Director

APR 07 2008
*(Date Mailed)*

Enclosure(s)

cc:    EXELON CORPORATION